UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ORIEL L. KERR,

    Plaintiff,

v.

HUNTER WARFIELD INC.,

    Defendant.

Case No. 1:20-cv-00826

## COMPLAINT

**NOW COMES** Plaintiff, ORIEL L. KERR, through undersigned counsel, complaining of Defendant, HUNTER WARFIELD INC., as follows:

## NATURE OF ACTION

1. This action is seeking redress for Defendant's violation(s) the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*; and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. ORIEL L. KERR ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 19113 Rookery Trail, Pflugerville Texas 78660.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

1

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

9. HUNTER WARFIELD INC. ("Defendant") is a corporation organized and existing under the laws of Maryland.

10. Defendant has its principal place of business at 4620 Woodland Corporate Boulevard, Tampa, Florida 33614.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

13. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

14. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7324.

16. At all times relevant, Plaintiff's number ending in 7324 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

18. Two years ago, Plaintiff signed a lease to rent an apartment owned by Still Waters.

19. In July of 2019, Plaintiff vacated the premises.

20. Still Waters issued a bill for damage and repairs.

21. When the bill was not paid, Still Waters assigned the debt to Defendant.

22. The debt is a "debt" as defined by 15 U.S.C. § 1692(a)(6).

23. The debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

24. In March of 2020, Plaintiff discovered Defendant's tradeline on her credit report.

25. Around the same time, Plaintiff started to receive collection phone calls from Defendant.

26. One day in March of 2020, Plaintiff answered, disputed the amount sought, and verbally requested that they stop calling.

27. Despite Plaintiff's request, these collection calls persisted.

28. Plaintiff also started to receive text messages providing:

"*Hunter Warfield a debt collector has a message for you.  Please contact us at one of the options on the attached contact card.  Reply Stop to unsubscribe.*"

29. Plaintiff replied "STOP."

30. Notwithstanding, Defendant continued to place collection calls.

31. In total, Defendant placed at least 25 calls to Plaintiff after Plaintiff requested for the calls to cease – including, but not limited to on:

>April 28, 2020 at 04:04 PM
>June 03, 2020 at 12:37 PM
>June 04, 2020 at 01:54 PM
>June 05, 2020 at 11:29 AM
>June 08, 2020 at 12:51 PM
>June 09, 2020 at 11:09 AM
>June 09, 2020 at 02:45 PM
>June 12, 2020 at 08:45 AM

32. Each time Plaintiff answered, Plaintiff was met by an approximate three-second pause prior to being connected to an agent.

33. Upon information and belief, Defendant placed these collection calls to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") – technology commonly used by debt collectors to place collection calls.

## DAMAGES

34. Defendant's constant harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

35. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

36. Concerned with having had her rights violated, Plaintiff was forced to retain counsel to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

37. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692d**

38. Section 1692d provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

39. Defendant violated 15 U.S.C. § 1692d(5) by repeatedly or continuously calling Plaintiff after being asked to cease.

40. Defendant's pattern of calling Plaintiff is intended to be annoying, abusive, or harassing.

41. Such intent can be shown when the defendant continues to call the plaintiff after it has been asked to stop.

42. Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2) 

> (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. § 1692d(5);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

43. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

44. Defendant placed or caused to be placed no less than 25 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

45. Upon information and belief, based on the "pause" when Plaintiff answered, Defendant employed an ATDS to place calls to Plaintiff.

46. Upon information and belief, the ATDS employed by Defendant transfers calls to an agent once a human voice is detected, hence the pause.

47. Upon information and belief, the ATDS employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

48. As plead above, Plaintiff revoked consent to be called on Plaintiff's cellular telephone.

49. As plead above, Plaintiff was severely harmed by Defendant's collection calls to Plaintiff's cellular telephone.

50. Upon information and belief, Defendant has no system in place to document whether they have consent to contact consumers on their cellular telephones.

51. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

52. Upon information and belief, Defendant knew that their collection practices were in violation of the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

53. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

54. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

### COUNT III
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

55. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of Tex. Fin. Code Ann § 392.302(4)**

56. Subsection 392.302(4) of the Texas Finance Code provides:

> [i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:
>
> > (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

57. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff in spite of being told to stop.

58. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

> (a) A person may sue for:
>
> > (1) injunctive relief to prevent or restrain a violation of this chapter; and
> >
> > (2) actual damages sustained as a result of a violation of this chapter.
>
> (b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: August 5, 2020                              Respectfully submitted,

**ORIEL L. KERR**

By: */s/ Mohammed O. Badwan*

Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com